IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Karen Sanchez,<br><br>    Petitioner,<br><br>vs.<br><br>Charles L. Ryan, et al.,<br><br>    Respondents. | No. CV 09-1049-PHX-MHM (ECV)<br><br>**REPORT AND RECOMMENDATION** |

TO THE HONORABLE MARY H. MURGUIA, UNITED STATES DISTRICT JUDGE:

## BACKGROUND

Pending before the court is a *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 filed by Petitioner Karen Sanchez. Doc. #1. Pursuant to a plea agreement, Petitioner pled guilty on December 21, 2004, to one count of second degree murder, a class one dangerous felony under Arizona law. Doc. #11, Exh. C, D and E. On February 3, 2005, pursuant to a stipulated sentence in the plea agreement, Petitioner was sentenced to an aggravated term of 20 years in prison, flat time. Doc. #11, Exh. C, G and H.

On December 5, 2007, Petitioner filed a Notice of Post-Conviction Relief under Rule 32 of the Arizona Rules of Criminal Procedure.[1] Doc. #11, Exh. J. In a minute entry filed

---

[1] The petition was actually filed in the state trial court on December 13, 2007, but under the prison mailbox rule the petition is deemed filed on the date it is delivered to prison authorities for mailing. See Jenkins v. Johnson, 330 F.3d 1146, 1149 n.2 (9th Cir. 2003).

on January 16, 2008, the trial court found that the notice was untimely and that Petitioner failed to provide a meritorious reason for the untimely filing. Doc. #11, Exh. K. The trial court found no merit to Petitioner's contention that Blakely v. Washington, 542 U.S. 296 (2004) constituted a significant change in the law justifying the late filing. Id. The court explained that Blakely was decided before Petitioner's plea agreement and sentencing, and that Petitioner waived her right to a jury determination of aggravating factors in the plea agreement. Id. The court therefore dismissed the notice of post-conviction relief. Id. Nearly a year later, on January 5, 2009, Petitioner filed a Petition for Review in the Arizona Court of Appeals. Doc. #11, Exh. L. The Court of Appeals dismissed the petition as untimely on January 26, 2009. Doc. #11, Exh. M. Petitioner did not seek review in the Arizona Supreme Court. Doc. #1 at 5, 6.

On May 11, 2009, Petitioner filed her Petition for Writ of Habeas Corpus in this court. Doc. #1. Petitioner alleges one ground for relief. She contends that the trial court's determination of aggravating factors by a preponderance of the evidence at her sentencing hearing violated Blakely. Judge Murguia screened the petition and directed Respondents to file an answer. Doc. #4. On October 9, 2009, Respondents filed an Answer to Petition for Writ of Habeas Corpus. Doc. #11. Petitioner did not file a reply.

**DISCUSSION**

Respondents contend that the habeas petition should be dismissed because it was not filed within the statute of limitations period. Alternatively, Respondents contend that Petitioner's claim is procedurally defaulted, and that Petitioner waived her right to raise a Blakely claim in her plea agreement. Because the information presented establishes that the habeas petition was filed after the statute of limitations expired, the court finds that the petition is barred and recommends that the petition be denied on that basis.[2]

---

[2] The court need not address the alternative defenses presented by Respondents.

**A.     Legal Standards**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a statute of limitations on federal petitions for writ of habeas corpus filed by state prisoners. See 28 U.S.C. § 2244(d)(1). The statute provides:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

An "of-right" petition for post-conviction review under Arizona Rule of Criminal Procedure 32, which is available to criminal defendants who plead guilty, is a form of "direct review" within the meaning of 28 U.S.C. § 2244(d)(1)(A). Summers v. Schriro, 481 F.3d 710, 711 (9th Cir. 2007). Therefore, the judgment of conviction becomes final upon the conclusion of the Rule 32 of-right proceeding, or upon the expiration of the time for seeking such review. See id.

Additionally, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the limitations period. 28 U.S.C. § 2244(d)(2); see also Lott v. Mueller, 304 F.3d 918, 921 (9th Cir. 2002). A post-conviction petition is "clearly pending after it is filed with a state court, but before that court grants or denies the petition." Chavis v. Lemarque, 382 F.3d 921, 925 (9th Cir. 2004). In Arizona, post-conviction review

1 is pending once a *notice* of post-conviction relief is filed even though the petition is not filed until later. Isley v. Arizona Department of Corrections, 383 F.3d 1054, 1056 (9th Cir. 2004). An application for post-conviction relief is also pending during the intervals between a lower court decision and a review by a higher court. See Biggs v. Duncan, 339 F.3d 1045, 1048 (9th Cir. 2003) (citing Carey v. Saffold, 536 U.S. 214, 223 (2002). However, the time between a first and second application for post-conviction relief is not tolled because no application is "pending" during that period. Biggs, 339 F.3d at 1048; see also King v. Roe, 340 F.3d 821 (9th Cir. 2003) (The petitioner was "not entitled to tolling during the interval between the completion of one round of state collateral review and the commencement of a second round of review."). Moreover, filing a new petition for post-conviction relief does not reinitiate a limitations period that ended before the new petition was filed. See Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003).

The statute of limitations under AEDPA may be subject to equitable tolling. Corjasso v. Ayers, 278 F.3d 874, 877 (9th Cir. 2002). However, as a general rule, equitable tolling is not available in most cases and may be applied only when "extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time." Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999).

**B.     Application**

Petitioner was sentenced under the plea agreement on February 3, 2005. Petitioner had 90 days to file an "of-right" petition for post-conviction relief under the Arizona Rules of Criminal Procedure. Ariz. R. Crim. P. 32.4(a). She did not file a petition within that time period. Thus, the statute of limitations began to run on May 5, 2005, the day after the 90-day period expired. The statute of limitations then expired one year later on May 5, 2006.

Petitioner filed a notice of post-conviction relief on December 5, 2007, one year and seven months after the statute of limitations expired. Because the statute of limitations deadline had passed by the time Petitioner filed her notice of post-conviction relief, the notice did not toll the limitations period. Petitioner then filed her habeas petition in the federal court

on May 11, 2009, a little more than three years the limitations period expired. The petition is therefore untimely.

Petitioner addresses the timeliness issue in her petition and attempts to explain why the statute of limitations should not bar the petition. Doc. #1 at 8. She contends that her defense lawyer failed to produce the plea agreement and sentencing hearing transcripts to her and that she has limited access to legal materials in the prison. These factors do not rise to the level of extraordinary circumstances beyond Petitioner's control that made it impossible for her to file a petition on time.

She further contends that Blakely and "State v. Booker" were decided after she was sentenced. Petitioner's sentencing occurred on February 3, 2005. Blakely, however was decided on June 24, 2004 and Booker was decided on January 12, 2005. Blakely v. Washington, 542 U.S. 296 (2004); United States v. Booker, 543 U.S. 220 (2005). Thus, Petitioner's contention is inaccurate and does not warrant the application of equitable tolling.

**C. Conclusion**

For the foregoing reasons, the court finds that Petitioner's habeas petition is barred by the statute of limitations. The court will therefore recommend that the petition be denied and dismissed.

**IT IS THEREFORE RECOMMENDED:**

That the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. #1) be **DENIED** and **DISMISSED WITH PREJUDICE**;

**IT IS FURTHER RECOMMENDED**:

That a Certificate of Appealability and leave to proceed *in forma pauperis* on appeal be **DENIED** because the dismissal of the Petition is justified by a plain procedural bar and jurists of reason would not find the procedural ruling debatable.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment. The parties shall have 14 days from the date of service of a copy of this recommendation within

which to file specific written objections with the Court. See, 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(b) and 72. Thereafter, the parties have 14 days within which to file a response to the objections. Failure to timely file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the district court without further review. See United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to appellate review of the findings of fact in an order of judgement entered pursuant to the Magistrate Judge's recommendation. See Fed. R. Civ. P. 72.

DATED this 14th day of April, 2010.

_____
Edward C. Voss
United States Magistrate Judge